The Honorable Jay Bradford State Senator P.O. Box 367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion construing the words "actually collected" as they appear at A.C.A. § 6-20-307(c)(1)(A) (Cum. Supp. 1991). That statute requires school districts to pay certified personnel seventy percent of the districts' "net current revenue." In arriving at "net current" revenue, the statute first defines "gross current revenue," a term which includes "all property taxes actually collected." You inquire as to when these taxes are considered "actually collected." You note that this phrase would appear to refer to the time at which the taxes are collected by the county collector. Otherwise, you note, "it could open the door for counties and school districts to defer distribution of funds in any particular fiscal year and avoid having to pay the appropriate amount to teachers. . . ."
It is my opinion that the statute does not provide a clear answer to your question. Although in my opinion the phrase "actually collected" was certainly intended to refer to taxes which have been paid, rather than to those which have accrued and are still owing, nothing in the statute indicates at exactly what point, at or some time after initial collection, they are to be considered "actually collected." It was noted in Op. Att'y Gen. No. 91-441
(copy enclosed), however, in another context, that the phrase "actually collected," as used in this statute implies sums which have been actually received and paid. It was stated in Opinion91-441 that such funds are "actually collected" when they are received by the school district. Op. No. 91-441 at 3. At issue in that opinion, however, was the receipt of escrowed funds attributable to prior tax years, and whether they should be deemed "actually collected" in the years to which they were attributable, or the year in which they were "actually collected." The exact point during any one year at which they were considered "actually collected," however, was not important for purposes of that opinion.
It is therefore my opinion that the statute does not indicate at which point the taxes are "actually collected." This phrase has previously been construed by this office, however, to mean receipt by the school district. Perhaps legislative clarification of the issue is therefore indicated.
In any event, it is my opinion that distribution of these funds may not be "deferred" in the manner you suggest, so as to avoid complying with the seventy percent requirement. Each month the county collector is required to pay over to the county treasurer the taxes in the collector's possession. A.C.A. § 26-39-201. Each month, the county treasurer, "upon certificate of the county clerk" is to transfer to the school districts ninety percent of the funds belonging to the school district. The remaining ten percent is retained and distributed upon final settlement. A.C.A. § 26-39-(b)(2). The only authorized "deferral" of funds, therefore, is the retention by the county treasurer of this ten percent, which is adjusted and distributed each year upon final settlement. See generally, Op. Att'y Gen. No. 88-233 (copy enclosed.)
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh